# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SYLVESTER JONES, | ) |
| Petitioner, | ) Civil Action No. 13 – 984 |
| | ) |
| v. | ) District Judge Cathy Bissoon |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| DANIEL BURNS, *Warden, SCI-Forest*, THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons stated herein, the Petition for Writ of Habeas Corpus (ECF No. 3) should be dismissed as untimely and a certificate of appealability should be denied.

**II.    REPORT**

Petitioner Donald Sylvester Jones ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (ECF No. 3) seeking relief from his March 19, 2007 judgement of sentence after a jury found him guilty of First Degree Murder and related firearms offenses. Petitioner was sentenced to life imprisonment without the possibility of parole for First Degree Murder and to five (5) to ten (10) years of incarceration, consecutive to his life sentence, for the firearms conviction. In a November 25, 2008 Memorandum Opinion, the Pennsylvania Superior Court affirmed Petitioner's judgment of

1

sentence, and by Order dated April 28, 2009, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. Petitioner filed the instant Petition in this Court on July 10, 2013. For the following reasons, the Petition should be dismissed as untimely.

## A.     Time Period for Filing Federal Habeas Corpus Petitions

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").[1] Pursuant to the AEDPA, Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] Because Petitioner filed his federal habeas petition after the effective date of the AEDPA, the Court must apply the standards set forth in the AEDPA to his claims for federal habeas relief. *See* Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

2

> or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. <u>Fielder v. Varner</u>, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

As to the first inquiry, the "trigger date" for AEDPA purposes is the date that Petitioner's judgment of sentence became final pursuant to section 2244(d)(1)(A).[2] Petitioner's sentence was imposed on March 19, 2007, (Resp't Ex. 1, ECF No. 9-1 at p.8), and on November 25, 2008, the Pennsylvania Superior Court affirmed Petitioner's conviction (Resp't Ex. 8, ECF No. 9-4 at pp.12-15). The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on April 28, 2009. (Resp't Ex. 11, ECF No. 9-5 at p.21.) Petitioner then had 90 days to file a petition for writ of certiorari to the Supreme Court of the United States, which he did not

---

[2] Petitioner does not assert that there was an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the "trigger date" for all of his claims is the date his judgment of sentence became final.

do. As such, Petitioner's state conviction became final on July 27, 2009. His one-year limitations period for filing a federal habeas petition started to run the following day.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Petitioner timely filed a *pro se* collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, on April 18, 2010. (Resp't Ex. 12, ECF No. 9-6 at pp.2-50.) At that point, 264 days of Petitioner's one-year limitations period had elapsed and only 101 days remained. The limitations period was then tolled until July 10, 2012, on which day the PCRA court dismissed Petitioner's PCRA petition, (Resp't Ex. 18, ECF No. 9-8 at p.21), and it was further tolled an additional thirty days, or until August 9, 2012, during which time Petitioner could file an appeal, which he did not do. The remaining time of Petitioner's one-year limitations period began to run again on August 10, 2012, and expired on November 19, 2012, 101 days later. Petitioner, however, filed his Petition in this Court on July 10, 2013, (ECF No. 1), almost eight months (232 days) after his limitations period expired. As such, on its face, the Petition appears to have been untimely filed.

As to the third inquiry, Petitioner acknowledges that he filed his Petition outside of AEDPA's one-year statute of limitations, but contends that the limitations period should be equitably tolled. The United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently,[3] and (2) some extraordinary circumstance stood in his way and

---

[3] The United States Court of Appeals for the Third Circuit has explained:

prevented timely filing. Id. at 649. *See also* Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Third Circuit has advised that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

Sistrunk, 674 F.3d at 190.

In support of equitable tolling, Petitioner argues that his PCRA counsel never informed him about the dismissal of his PCRA petition and he did not learn about the dismissal until he filed a motion requesting appointment of new PCRA counsel on September 10, 2012, two months after the petition had been dismissed, and at which time it was too late to file an appeal. *See* Resp't Ex. 21, ECF No. 9-9 at p.17. Specifically, on September 12, 2012, the PCRA court issued an Order denying Petitioner's request for new court-appointed counsel stating that no

---

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 130 S.Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See* Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (emphasis added) (internal quotation marks and citation omitted); *see also* Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." (emphasis added)).

Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).

5

matter was pending before the court to allow for appointment of counsel. (Resp't Ex. 20, ECF No. 9-8 at p.26.) Petitioner argues that his PCRA counsel not only failed to inform him about the dismissal of his petition but also failed to consult with him about an appeal when there was reason to believe that he was interested in appealing. Respondents concede that Petitioner might be entitled to equitable tolling and they have no objection to this Court granting Petitioner relief in the form of him returning to state court so that he can pursue an appeal of the dismissal of his PCRA petition. *See* ECF No. 9 at p.22. Petitioner, however, is not entitled to this relief.

Even if the Court were to assume, without deciding, that Petitioner was entitled to equitable tolling, it would be only from the date his PCRA petition was dismissed (July 10, 2012), until the date that he learned that his petition was dismissed (September 12, 2012), *not* the date his petition was dismissed (July 10, 2012) through the date he filed his federal habeas petition (July 10, 2013). That is because Petitioner has not shown that *after he received notification that his PCRA petition had been dismissed* he: (1) pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from filing a federal habeas petition. Holland, 560 U.S. at 649. As set forth above, Petitioner did not file his federal habeas petition until approximately ten months after learning that his PCRA petition had been dismissed (September 12, 2012 to July 10, 2013). Petitioner may not have understood the ramifications of waiting so long after he received notification of his PCRA dismissal to seek federal habeas review with this Court, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross, 712 F.3d at 799-800 (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file

6

an appeal in state court on his behalf and could no longer adequately represent him); and Doe v. Menefee, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect *pro se* petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.")

In conclusion, applying equitable tolling from July 10, 2012, through September 12, 2012, Petitioner's federal habeas petition would still be significantly untimely by almost 200 days, and because Petitioner has not demonstrated that there is any basis to grant him equitable tolling from September 12, 2012, to July 10, 2012, his habeas claims are untimely and the Petition should be dismissed for that reason.

### B. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

## III. **CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 3) should be dismissed as untimely and a certificate of appealability should be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: March 31, 2016.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Donald Sylvester Jones
HA-0386
SCI Forest
P.O. Box 945
Marienville, PA 16239

Counsel of record
*Via CM/ECF Electronic Mail*