# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD SYLVESTER JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-984 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DANIEL BURNS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

This case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 31, 2016, the Magistrate Judge issued a Report (Doc. 18) recommending that the petition for a writ of habeas corpus be dismissed, and the certificate of appealability be denied. Service of the Report and Recommendation was made. On April 15, 2016, Donald Sylvester Jones ("Petitioner") filed objections to the Report and Recommendation. (Doc. 19).

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Court makes the following findings: Mr. Jones argues that his petition is not barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), as he presents an "actual innocence" claim. (Doc. 19 at 2-3). While Petitioner is correct that a plea of actual innocence can overcome the habeas statute of limitations, McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), his objection is flawed. Pursuant to Schlup v. Delo, 513 U.S. 298, in order to make a viable actual innocence claim a petitioner "must show that it is more likely than

not that no reasonable juror would have convicted him in the light of the new evidence," with a "clear and convincing" evidence requirement. Petitioner points to one piece of potentially exculpatory evidence: untested hair from the cap worn by the perpetrator and recovered at the crime scene. (Doc. 3, Ex. 21 at p. 3). However, hair from that cap was tested, and the results of that testing "were that the likelihood that someone other than Jones was wearing that hat on February 16, 2001, was one in seventy-one quadrillion." (Doc. 9, Ex. 4 at p. 7). As such, Petitioner did not demonstrate a credible claim of innocence under the governing standard, and thus the "actual innocence" exception to the limitations period is not applicable.

Second, Petitioner argues that inadequate access to the prison's law library should equitably toll the statute of limitations. (Doc. 19). However, "limited access to the law library and legal materials is a routine aspect of prison life, and petitioner had failed to demonstrate how this alleged restricted access actually prevented him from timely filing his habeas application." Patrick v. Phelps, 764 F.Supp.2d 669 (D. Del. 2011); see also, U.S. v. Green, 2013 WL 606341 (W.D. Pa. 2013) ("[P]etitioner's allegations of limited access to the library and inability to receive and review documents are routine aspects of prison life which are insufficient to trigger equitable tolling of the limitation period."). As such, Petitioner has not met the high bar of demonstrating facts that support equitable tolling.

For the reasons stated in the Report and herein, the following Order is entered:

The Petition of Donald Sylvester Jones for a writ of habeas corpus (**Doc. 3**) is **DISMISSED** and a certificate of appealability is **DENIED**. The Report and Recommendation of the Magistrate Judge, dated March 31, 2016, hereby is adopted as the Opinion of the District Court.

IT IS SO ORDERED.

| | |
|---|---|
| April 25, 2016 | s\Cathy Bissoon |
| | Cathy Bissoon |
| | United States District Judge |

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

**DONALD SYLVESTER JONES**
HA-0386
SCI FOREST
Post Office Box 945
Marienville, PA 16239